**Willie L. NICHOLS, Plaintiff—Appellant,**

v.

**Norman Y. MINETA,\* Secretary, Department of Transportation, Defendant—Appellee.**

No. 00–56051.

D.C. No. CV–98–02293–RAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Jan. 18, 2002.

---

\* Norman Y. Mineta is substituted for his prede-

cessor as Secretary of the Department of

Transportation. Fed. R.App. P. 43(c)(2).

Before CYNTHIA HOLCOMB HALL, KOZINSKI and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Willie L. Nichols appeals the district court's grant of summary judgment in favor of the Secretary of the Department of Transportation in Nichols' action brought under Title VII, 42 U.S.C. § 2000(e), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Nichols alleged that defendant failed to promote him to supervisory engineer positions because of his race, African American, and his age. The district court found that Nichols had not raised a genuine issue as to a material fact in relation to two specific vacancies, because he failed to proffer specific and substantial circumstantial evidence to show that the reasons given for his failure to obtain promotion were pre-

textual. It also ruled that Nichols had failed to establish a prima facie case with regard to other job vacancies. We affirm.

## I.

▮ In a case involving an unlawful failure to promote claim, the parties' respective burdens are well settled in this circuit. Once the defendant employer has presented a legitimate non-discriminatory reason for its decision not to promote the plaintiff, the presumption of unlawful discrimination initially raised under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) "disappear[s]" and it is the plaintiff's burden to show that the defendant's stated reason was pretextual. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citation omitted). In *Godwin v. Hunt Wesson* 150 F.3d 1217 (9th Cir.1998), we provided guidance on the type of evidence necessary to show pretext. When the plaintiff offers direct evidence of a discriminatory motive, "a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial." *Id.* at 1221. However, when only circumstantial evidence is available, such evidence "must be 'specific' and 'substantial' in order to create a triable issue." *Id.* at 1222 (citations omitted).

▮ We agree with the district court that the Federal Aviation Administration ("FAA") has met its burden to present legitimate non-discriminatory reasons for its decisions. To do so, the FAA needed merely to set forth, through admissible evidence, the reasons why the decisionmaker, Thomas Smith, decided not to promote Nichols. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254–55,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The evidence provided in Smith's testimony, the statements of the candidates' direct supervisors, and the submitted performance evaluations were adequate to describe the promotion criteria Smith claimed to use and to "frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext." *Id.* at 255–56, 101 S.Ct. 1089.

We also agree that Nichols has failed to present "specific" and "substantial" circumstantial evidence of pretext sufficient to raise a genuine issue of material fact. Nichols argues that he should have been promoted based on his superior engineering experience and the number of his equipment certifications. Nichols, however, has provided no evidence that the extent of engineering experience and number of certifications were, or should have been, decisive criteria in the hiring decision. Nichols' sole offer in this regard—a general statement by Smith that he considered "technical background" among several other criteria in connection with AWP–93–212—is insubstantial support for the proposition that Nichols' particular technical skills made him a superior candidate. In light of the FAA's specific and undisputed testimony that appropriate non-discriminatory criteria other than engineering experience were used by Smith in making promotion decisions, Nichols' proffer does not raise a genuine issue of pretext.

Nichols did produce performance evaluations tending to refute the proposition that he was an poor writer, as well as an admission that one of the successful candidates had her own writing difficulties. However, writing ability was only-one basis on which candidates were evaluated, and the candidates who were promoted to positions AWP–93–166 and AWP–93–212 had almost universally superior evaluations across a number of criteria. Even viewing Nichols' evidence in the light most favorable to him, it does not raise a triable issue as to the superiority of the successful candidates' evaluations or Smith's reliance on them.

Nichols' other evidence is either irrelevant, as unrelated to the time and place of the events at issue, or so insubstantial as to be of no evidentiary value. Thus, we find no circumstantial evidence sufficient to support Nichols' argument of pretext.

## II.

Nichols' other claims of discriminatory non-promotion are not actionable pursuant to the continuing violations doctrine.

■ The statutes of limitations for filing claims with the EEOC under Title VII, the ADEA and accompanying regulations also serve as judicial statutes of limitations. *Sosa v. Hiraoka,* 920 F.2d 1451, 1455 (9th Cir.1990); *see also Sommatino v. United States,* 255 F.3d 704, 707–09 (9th Cir.2001). Subsequent suits on discriminatory incidents occurring prior to the relevant time period are barred. *Sosa,* 920 F.2d at 1455. However, incidents of discrimination may be actionable if a plaintiff can show that they are part of a "continuing violation" of his statutory rights.

A plaintiff may establish a continuing violation by showing "a series of related acts against a single individual," at least one of which occurred during the limitations period. *Sosa* 920 F.2d at 1455 (quoting *Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1480 (9th Cir.1989)) (internal quotation marks omitted). The test is "whether sufficient evidence supports a determination that the 'alleged discriminatory acts are related closely enough to constitute a continuing violation.'" *Green,* 883 F.2d at 1480–81 (quoting *Berry v. Bd. of Supervisors,* 715 F.2d 971, 981 (5th Cir.1983)).

Nichols has not provided sufficient evidence to support an allegation of serial violations. Except for one instance, Nichols has offered no evidence that the promotion decisions with respect to any of the listed positions were made by the same supervisors as those involved in AWP–93–166 and AWP–93–212 or that there was any coordination with those supervisors. Such evidence as was presented demonstrates that the positions to which Nichols applied varied in terms of location, jobtype, and required qualifications. The mere fact that Nichols was a candidate for each position is an insufficient basis to conclude that the otherwise separate decisions were sufficiently related to support an allegation of a continuing violation.

A district court's summary judgment may be affirmed on any ground fairly presented in the record. *See Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 860, n. 17 (9th Cir.1995). Although the district court did not rule on the issue of whether Nichols' second complaint was time-barred, we find that it was.

For the foregoing reasons, the district court's entry of summary judgment as to job vacancies AWP–93–166 and AWP–93–212 is AFFIRMED. The district court's entry of summary judgment as to the remaining vacancies is also AFFIRMED.

